369 S.E.2d 459

**Jean D. SOMERVILLE**

v.

**Paul R. SOMERVILLE, Jr.**

No. 17526.

Supreme Court of Appeals of West Virginia.

April 21, 1988.

Margaret Phipps Brown, Baer, Colburn & Morris, Huntington, for Jean D. Somerville.

John G. Anderson, Winfield, for Paul R. Somerville.

BROTHERTON, Justice.

This is an appeal by Jean D. Somerville from a divorce decree entered by the Circuit Court of Mason County. On appeal the appellant contends that the trial court failed to award her a proper and equitable percentage of the marital property and that the court erred in refusing to award her permanent alimony. She also claims that she entered into an unconscionable settlement agreement, that the trial court improperly valued a marital asset, and that the trial court erred in making certain orders relating to temporary alimony, fees, and costs pending appeal. After reviewing the record, the Court finds that the trial court's unequal division of marital property without articulating the basis therefor was in error. Accordingly, the judgment of the Circuit Court of Mason County is reversed and the case is remanded for further proceedings.

The appellant, Jean D. Somerville, and the appellee, Paul R. Somerville, Jr., were married on June 6, 1953. The parties separated in October, 1984, after thirty-one years of marriage. They had two children, both of whom were emancipated when the parties separated. The appellant and the appellee were aged 54 and 55, respectively, when hearings commenced in May, 1985.

Prior to the marriage and for three years after, the appellant was a clerical employee of Appalachian Power Company, earning $300 to $400 per month. At that time, the appellee was a partner in a grocery business, which he sold in 1959. Thereafter he became an insurance agent. His 1985 federal income tax return shows a total income of over $67,000. During the marriage, the appellant provided primary child care and homemaker services, and at least

occasionally assisted her husband in his business without compensation. In 1969, she began taking classes at Marshall University. She received a Bachelor's Degree in Spanish and Language Arts in 1974, and a Master's Degree in English and Education Arts in 1982. Since completing her education, the appellant has worked as a substitute teacher in Mason County, with gross wages of approximately $5,000 per year.

Shortly after the separation the appellant commenced this action for divorce in the Circuit Court of Mason County. In her complaint she alleged irreconcilable differences, cruelty, and adultery. Her husband filed an answer to the complaint and a counterclaim seeking a divorce on the ground of cruelty.

After conducting hearings in the matter the circuit court on March 10, 1986, entered an order which, without finding fault, granted the parties a divorce on the ground of irreconcilable differences. Additionally, the court awarded each of the parties certain separate property and granted Jean Somerville 30%, and Paul Somerville 70%, of the marital property enumerated and valued in the divorce order. The court refused to grant the appellant permanent alimony. The court confined its findings of fact and conclusions of law primarily to allocation of specifically enumerated property, and did not mention our equitable distribution statute, W.Va.Code § 48–2–32, or the factors set out therein.

A substantial asset of the parties was a 25% interest in a truck stop located in Putnam County, which the court found to be marital property, although it was titled in the husband's name. The decree set a value of $125,000 for the 25% interest, but made clear that the percentages established for equitable distribution, and not the assigned value, would control if the property were sold in order to implement the property settlement.

After entry of the March 10, 1986, order the parties partitioned certain of their properties. Difficulties arose, however, over the husband buying out the appellant's interests in other parcels, including the truck stop property. As a consequence, the appellant filed a "Motion to Clarify Provisions of Final Divorce Decree." The circuit court conducted a hearing on this motion on May 16, 1986. In the course of the hearing the parties, at the court's urging, agreed to settle their disputes. In an agreement incorporated in a court order dated June 23, 1986, they agreed that the husband would pay the appellant $62,500 as her equitable distribution of all remaining marital property except the truck stop interest. The parties agreed further that at the time of payment they would execute mutual releases "as to alimony and all marital property and separate property of both parties." The order also prohibited the sale of the truck stop interest without the appellant's prior written approval.

On July 1, 1986, Mr. Somerville tendered to the appellant a check for $62,500. The appellant refused to accept it. Mr. Somerville then delivered the check to the circuit court, which directed that the clerk of the court place the proceeds of the check in an interest-bearing account until further order.

Following a number of conveyances of the truck stop that were subsequently set aside by the court for failure to follow the procedural requirements of the divorce order, the husband's interest in the truck stop was conveyed to a third party for $212,500. The trial court paid 30% of this amount to the appellant and 50% to the appellant's husband. The remainder was placed in escrow, pending resolution of this appeal.

I.

The appellant's primary assignment of error is that the court erred in awarding her only 30% of the marital property without findings on the record that would justify deviation from the statutory presumption that marital property should be divided equally. West Virginia Code § 48–2–32(c) (1986) provides that in the absence of a valid agreement the trial court shall presume that all marital property is to be divided equally. The court may alter this distribution, however, based on considera-

tion of certain factors. Because the legislature saw fit to include a detailed list of factors, we quote the relevant portion of the statute here in full:

In the absence of a valid agreement, the court shall presume that all marital property is to be divided equally between the parties, but may alter this distribution, without regard to any attribution of fault to either party which may be alleged or proved in the course of the action, after a consideration of the following:

(1) The extent to which each party has contributed to the acquisition, preservation and maintenance, or increase in value of marital property by monetary contributions, including, but not limited to:

(A) Employment income and other earnings; and

(B) Funds which are separate property.

(2) The extent to which each party has contributed to the acquisition, preservation and maintenance, or increase in value of marital property by nonmonetary contributions, including, but not limited to:

(A) Homemaker services;

(B) Child care services;

(C) Labor performed without compensation, or for less than adequate compensation, in a family business or other business entity in which one or both of the parties has an interest;

(D) Labor performed in the actual maintenance or improvement of tangible marital property; and

(E) Labor performed in the management or investment of assets which are marital property.

(3) The extent to which each party expended his or her efforts during the marriage in a manner which limited or decreased such party's income-earning ability or increased the income-earning ability of the other party, including, but not limited to:

(A) Direct or indirect contributions by either party to the education or training of the other party which has increased the income-earning ability of such other party; and

(B) Foregoing by either party of employment or other income-earning activity through an understanding of the parties or at the insistence of the other party.

(4) The extent to which each party, during the marriage, may have conducted himself or herself so as to dissipate or depreciate the value of the marital property of the parties: Provided, That except for a consideration of the economic consequences of conduct as provided for in this subdivision, fault or marital misconduct shall not be considered by the court in determining the proper distribution of marital property.

The statute establishes a presumption of equal division, and sets out in detail what a trial court may consider in order to deviate from an even split of marital property. Further, W.Va.Code § 48–2–32(f) (1986) requires a judge to articulate in the order the reasons for making any division of property:

In any order which divides or transfers the title to any property, determines the ownership or value of any property, designates the specific property to which any party is entitled, or grants any monetary award, the court shall set out in detail its findings of fact and conclusions of law, and the reasons for dividing the property in the manner adopted.

Reading these two paragraphs together, we reach the inescapable conclusion that in order to be sustained, an order directing a division of marital property in any way other than equally must make specific reference to factors enumerated in § 48–2–32(c), and the facts in the record that support application of those factors. Such a discretionary determination must result from a rational application of the statute to facts on the record, and this reasoning must be reflected in the order and must support the property division directed.

■ We acknowledge the arguments of counsel for the appellee that there are facts on the record that might justify such an award, but agree with the appellant that

the trial court abused its discretion by awarding her less than 50% of the marital property without articulating a reason for the unequal division.

## II.

The appellant also argues that the trial court erred in refusing to award her permanent alimony. In reviewing a trial court's denial of alimony, this Court's function is to determine whether the trial court abused its discretion:

> Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused.

Syllabus, *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977).

Code § 48–2–16(b) sets out several factors to be considered by the trial court in making an award of alimony, including the parties' income and earning abilities, the distribution of marital property, the ages of the parties, and their financial needs. The appellant holds a master's degree in English and Language Arts, and she is qualified to teach in the public schools of Ohio and West Virginia. We note in this regard that her years in the work force, assuming she can find a teaching job, will be limited due to her age. Although the appellant's income is considerably less than that of her husband, she was awarded very substantial assets in the property settlement. When these factors, and the other factors outlined in W.Va. Code § 48–2–16(b), are considered, it does not clearly appear that the trial court abused its discretion in denying the appellant a permanent alimony award. We do not, therefore, require the trial court to reconsider its determination on the issue of alimony on remand.

## III.

The appellant raised three other issues, which we address briefly below.

Certain questions relating to division of marital property, with the exception of the truck stop property, were the subject of the agreement entered into by counsel for the parties after the trial court entered its March 10, 1986, order. In the present proceeding the appellant argues that the trial court erred in improperly interjecting itself into post final-decree settlement negotiations and that the settlement agreement which the parties ultimately reached was void for that reason. Without reaching the merits of this argument, we find that the settlement agreement is void, because it was based on the trial court's ruling that 30% of the marital property should be awarded to appellant and 70% to appellee, a ruling we have reversed in this opinion.

The appellant next claims that the trial court erred in arbitrarily adopting a value of $125,000 for the truck stop real estate in light of the clear intent of the trial court that the appellant should be compensated for her equitable distribution claim against the property by receiving her proportionate share of the fair market value as established by the sale price of the real estate in an arm's length transaction. The record shows that in placing the $125,000 value on the truck stop property the trial court was not making an ultimate determination as to the value of the property or as to the proceeds that the appellant would receive from it. The order says explicitly that "the percentages established for equitable distribution shall control as opposed to the values heretofore set" for all real property listed as marital property. It appears that since the divorce the property was actually sold for $212,500 and that the appellant was paid 30% of this amount. Because the value placed on the truck stop by the trial court was of no consequence in the final distribution, the appellant's argument is without merit.

Finally, the appellant argues that the trial court abused its discretion in its award of alimony and attorney's fees pending appeal and in refusing to award the appellant court costs pending appeal, given the disparate financial circumstances of the

parties.[1] As indicated in the syllabus of *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977), questions relating to alimony are within the sound discretion of the trial court. Likewise, questions relating to costs are subject to the same discretion. *Cummings v. Cummings*, 170 W.Va. 712, 296 S.E.2d 542 (1982); *State ex rel. Trembly v. Whiston*, 159 W.Va. 298, 220 S.E.2d 690 (1975).

The record shows that the trial court awarded the appellant in the present proceeding $200 per month as temporary alimony, pending appeal. As previously indicated, the evidence also shows that the appellant has the education, as well as the experience, necessary to earn income as a school teacher. She was also awarded substantial assets out of the parties' marital property, assets capable of generating income. The facts as developed fail to show clearly that the court's action with regard to temporary alimony, fees, and costs constituted an abuse of discretion.

For the reasons stated, the judgment of the Circuit Court of Mason County is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

---

1. On October 9, 1986, the circuit court ordered the appellee to pay the appellant $200 per month as support and maintenance pending appeal, and to pay the appellant's attorney $500 as attorney's fees pending appeal. The court in that order denied appellant's motion for court costs, including preparation of a transcript.