375 S.E.2d 432

**Regina A. ROMINE**

v.

**L. Michael ROMINE.**

**No. 17990.**

Supreme Court of Appeals of West Virginia.

Nov. 28, 1988.

---

Richard A. Bush, Bush & Trippel, Parkersburg, for appellant.

Philip E. D'Orazio, Robert W. Full, Goodwin & Goodwin, Parkersburg, for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Wood County, entered March 9, 1987, which granted the parties a divorce on grounds of irreconcilable differences. At issue in this appeal is the lower court's division of the parties' marital property. We conclude that the circuit court's decision is not supported by appropriate findings of fact and conclusions of law, and we reverse on that ground.

The parties, Regina A. Romine and L. Michael Romine, were married on February 27, 1965 in Wood County and apparently lived there throughout the marriage. Two children, ages 18 and 15 at the time of the final decree, were born of the marriage. In December 1985, the parties separated,

and Mrs. Romine subsequently instituted divorce proceedings. Mr. Romine filed an answer and a counterclaim seeking a divorce in his own right. Both parties requested equitable distribution of the marital property.

The matter was referred to a special commissioner, and evidentiary hearings were conducted. On November 21, 1986, the commissioner submitted her report.

The commissioner found that Mr. Romine was 38 years old, had a high-school education and had worked as a pipe fitter at the time of the marriage. The commissioner's findings indicated that at the time of the separation, Mr. Romine owned his own business from which he received a yearly salary of $33,000. The commissioner found that Mrs. Romine was 39 years old, a high-school graduate and had worked as a hospital ward clerk prior to the marriage. Afterwards she obtained a beautician's license and worked in that occupation until she decided to start a family in 1966 or 1967. Since that time, Mrs. Romine had not worked except as a payroll clerk in her husband's business at a salary of $4,500 per year. In 1981, Mrs. Romine had taken one semester of nurse's training and would require at least another three semesters of training to obtain a nursing license.

The commissioner found that the parties had agreed to a division of certain of the marital assets, including Mr. Romine's business and the marital residence, which agreement resulted in distribution of $109,100 worth of marital assets to Mrs. Romine and $149,735 worth of assets to Mr. Romine. The commissioner found that the parties' remaining marital property consisted of a vacation cabin with a net value of $13,059, Mr. Romine's contributions to two pension funds in the amount of $6,000 and $14,683.95, respectively, a joint credit union account with a balance of $11,800 and a debt owed Mr. Romine's business in the amount of $30,000. In addition, the commissioner found that Mr. Romine had borrowed money from the credit union to purchase an automobile for Mrs. Romine and was entitled to a credit of $6,112, representing the outstanding obligation on that transaction.

The commissioner recommended that Mrs. Romine be awarded $4,683.95 from Mr. Romine's contributions to one of the pension funds, $50.00 per week in child support for each child until emancipated, $100.00 per week in alimony and $1,000.00 attorney fees. The commissioner further recommended that Mrs. Romine be granted rehabilitative alimony in the amount of $500.00 per semester for each semester that she was registered as a full-time student, not to exceed six semesters. The commissioner recommended that Mr. Romine be granted all of the parties' remaining marital assets.

Mrs. Romine filed a list of exceptions to the commissioner's report, asserting, among other things, that the commissioner had ignored the statutory presumption of an equal distribution of the parties' marital property and that the awards of alimony, child support and attorneys fees were insufficient. The circuit court overruled these exceptions without comment. By order entered March 9, 1987, the court granted the parties a divorce on grounds of irreconcilable differences and adopted the commissioner's findings and recommendations as to the distribution of the marital property *in toto*.

■■■■ Mrs. Romine's principal contention on appeal is that the trial court erred in failing to apply the statutory presumption of an equal distribution of marital property. W.Va.Code § 48–2–32(c) (1986 Replacement Vol.). We have recently recognized that this equal division of marital property is the premise of our equitable distribution statute.

In the absence of a valid agreement, the trial court in a divorce shall presume that all marital property is to be divided equally between the parties, but may alter this distribution, without regard to fault, based on consideration of certain statutorily enumerated factors, including: (1) monetary contributions to marital property such as employment income, other earnings, and funds which were separate property; (2) non-monetary con-

tributions to marital property, such as homemaker services, child care services, labor performed without compensation, labor performed in the actual maintenance or improvement of tangible marital property, or labor performed in the management or investment of assets which are marital property; (3) the effect of the marriage on the income-earning abilities of the parties, such as contributions by either party to the education or training of the other party, or foregoing by either party of employment or education; or (4) conduct by either party that lessened the value of marital property. W.Va.Code § 48–2–32(c) (1986).

Syllabus point 1, *Somerville v. Somerville*, 179 W.Va. 386, 369 S.E.2d 459 (1988). In *Somerville*, we further stated that pursuant to W.Va.Code § 48–2–32(f),

in order to be sustained, an order directing a division of marital property in any way other than equally must make specific reference to factors enumerated in § 48–2–32(c), and the facts in the record that support application of those factors. Such a discretionary determination must result from a rational application of the statute to facts on the record, and this reasoning must be reflected in the order and must support the property division directed

179 W.Va. at 389, 369 S.E.2d at 462.

■ Here, the circuit court stated no findings or conclusions on the record to justify its unequal distribution of the parties' marital property. Indeed, it is impossible for this Court to determine whether the circuit court even considered the factors enumerated in W.Va.Code § 48–2–32(c) in making its determination. In view of this omission, we are required to reverse the judgment of the circuit court insofar as it orders the unequal distribution of the marital property and to remand the case for entry of a proper order.

In view of our resolution of this issue, we need not address the other issues raised by the parties. We note, however, that the presumption of equal distribution of marital property applies only in the absence of a valid separation agreement. W.Va.Code § 48–2–32(c). When the parties have executed a valid separation agreement disposing of part or all of their marital property, the division of such property is governed by the provisions of W.Va.Code § 48–2–32(b). We further note that the distribution of marital property is one of a number of statutory factors to be considered by the lower court in making an award of alimony or child support. W.Va.Code § 48–2–16(b) (1986 Replacement Vol.).

For the reasons stated herein, we reverse the judgment of the Circuit Court of Wood County and remand this case to that court for further proceedings in accordance with the principles enunciated in this opinion.

REVERSED AND REMANDED.