# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stacy J.,**
**Respondent Below, Petitioner**

**FILED**

**February 2, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 20-0074** (Putnam County 18-D-388)

**Christapher H.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Stacy J. appeals the January 6, 2020, order of the Circuit Court of Putnam County refusing her appeal from the October 16, 2019, final order of the Family Court of Putnam County granting petitioner a divorce and setting forth the equitable distribution of marital assets.[1] Respondent Christapher H., by counsel Jennifer Dickens Ransbottom, filed a summary response in support of the circuit court's order. Petitioner filed a reply.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 14, 2016, the parties were married in Kanawha County. They last cohabitated

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]On June 30, 2020, petitioner's eighteen-year-old son, D.K., filed a motion to file an amicus brief with the amicus brief attached thereto. By order entered on August 27, 2020, this Court granted D.K's motion. The Court appreciates having D.K.'s views on this matter.

together in Putnam County on November 1, 2018. One child was born of the marriage, who is now three years old. Prior to the parties' marriage, petitioner adopted four children, who were never adopted by respondent. On December 10, 2018, respondent filed a petition in the Family Court of Putnam County seeking a divorce due to irreconcilable differences between the parties. On January 7, 2019, petitioner filed a counter petition requesting that she be granted a divorce on the ground of child abuse. Thereafter, respondent admitted to abusing one of petitioner's adopted children.[3]

By amended scheduling order entered on February 11, 2019, the family court directed that "[f]or any asset the parties are unable to agree [as] to value, the asset shall be appraised and said appraisal shall be summitted [sic] to the [c]ourt at least 30 days before the final hearing." Following an August 26, 2019, final hearing, the family court entered a final order on October 16, 2019.

The family court granted petitioner a divorce on the ground of child abuse and set forth the equitable distribution of marital assets. Pertinent to the instant appeal, the family court ruled that, given the parties' disagreement as to which party was going to receive certain household items, they would alternate "tak[ing] turns choosing the items."[4] The family court ordered that the party making the first choice was to be determined by a "flip of [a] coin." Next, the family court found that petitioner "knowingly, freely, and voluntarily" waived her right to receive half of $14,719 respondent received in workers' compensation benefits after the parties' separation. Finally, the family court ordered that respondent was entitled to half of the total funds in the minor children's college savings accounts, which was $3,599. The family court found that, while the accounts were designated as Section 529 college savings accounts,[5] they belonged to petitioner—not the children—and were funded with marital assets. On November 11, 2019, petitioner appealed the family court's October 16, 2019, final order to the Circuit Court of Putnam County. By order entered on January 6, 2020, the circuit court refused petitioner's appeal.

Petitioner now appeals the circuit court's January 6, 2020, order refusing petitioner's appeal from the family court's October 16, 2019, final order. In reviewing a circuit court order refusing an appeal from a family court order, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

---

[3]Respondent also admitted to abusing one of petitioner's adopted children in a child abuse and neglect proceeding initiated against him in the Circuit Court of Putnam County. Given the existence of the abuse and neglect proceeding, child custody and support were not litigated in the instant divorce action.

[4]The parties disputed possession of the following household items: master bedroom set, two night stands, a safe in the bedroom, a safe in the garage, and a dresser and night stand from their child's room.

[5]The college savings accounts in question receive tax exempt status pursuant to Section 529 of the Internal Revenue Code.

On appeal, petitioner argues that the circuit court failed to hold oral argument before refusing her appeal. Rule 31(c) of the West Virginia Rules of Practice and Procedure for Family Court provides, in pertinent part, that "[i]f a petition for appeal is granted," and if oral argument is requested in writing, "the granting order shall set forth a date and time for oral argument." Pursuant to Rule 31(c), we find that the circuit court was not required to hold oral argument because it refused the appeal.

We address a second procedural issue as petitioner acknowledges that she did not submit a recording or transcript of the August 26, 2019, final hearing. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." Here, we find that the absence of a recording or a transcript of the final hearing limits our review of petitioner's assignments of error.

Petitioner challenges three of the family court's equitable distribution rulings. West Virginia Code § 48-7-101 generally provides that "the court shall divide the marital property of the parties equally between the parties." In Syllabus Point 3 of *Mulugeta v. Misailidis*, 239 W. Va. 404, 801 S.E.2d 282 (2017), we held that:

> "'[e]quitable distribution . . . is a three-step process. The first step is to classify the parties' property as marital or nonmarital. The second step is to value the marital assets. The third step is to divide the marital estate between the parties in accordance with the principles contained in [West Virginia Code § 48-7-103].' Syllabus Point 1, *Whiting v. Whiting*, 183 W.Va. 451, 396 S.E.2d 413 (1990)." Syl. Pt. 2, *Stuck v. Stuck*, 218 W.Va. 605, 625 S.E.2d 367 (2005).[6]

Petitioner argues that the family court should have valued the household items disputed by the parties and distributed the items according to their value. However, petitioner acknowledges that the parties were ordered to have disputed items appraised with the appraisal report submitted to the family court "at least 30 days before the final hearing." No such appraisal was submitted to the family court. Petitioner argues that, at the final hearing, respondent did not object to the values petitioner provided for the items in her testimony. Because we do not have any hearing recording or transcript to review, we have no way of determining whether respondent failed to object to petitioner's valuations of the items. Therefore, without any reliable values for the disputed items in the appellate record, we find that the family court did not abuse its discretion in ordering the

---

[6]West Virginia Code § 48-7-103 lists factors which may alter the distribution of marital assets. However, West Virginia Code § 48-7-103 also provides that "the court shall presume that all marital property is to be divided equally between the parties[.]"

3

parties to alternate choosing the items they each want.[7]

Petitioner further argues that respondent received numerous workers' compensation payments and that the family court became confused as to which payment she was waiving her right to one-half of the funds. However, petitioner concedes that the parties "have both listened to the hearing testimony and come to a different conclusion as to what was said." Therefore, given petitioner's concession that the testimony is disputed, we find no reason to disturb the family court's finding that petitioner waived her right to receive half of $14,719 respondent received in workers' compensation benefits after the parties' separation. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (finding that "[an] appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact").

Finally, petitioner argues that the family court erred in ruling that respondent was entitled to half of the total funds in the minor children's Section 529 college savings accounts, which was $3,599. Respondent counters that, regardless of those accounts' designation as college savings accounts, the family court properly found that petitioner funded the accounts with marital assets and used them for purposes other than for the children's education. The family court reasoned that:

> [d]uring the marriage, [petitioner] contributed to 529 accounts for the benefit of her children and the marital child. The [c]ourt finds that [the] 529 accounts are marital property as they were funded with money from the joint marital accounts, they are titled in the name of [petitioner,] and [they] do not have to be used for the benefit of a child. Furthermore, [the parties] borrowed from the accounts[,] and the money was used for family vacations and the loans were paid back with marital funds to the point they were so comingled the court cannot determine what amount would be [petitioner's] separate property.

Petitioner argues that she also funded the Section 529 college savings accounts of her adopted children with "adoption subsidies." However, the family court found that "[t]he only information on the accounts was the information provided in discovery showing the differences between the accounts at [the] date of marriage and [the] date of separation for the . . . 3 [adopted] children[.]"[8] Based upon on our review of the appellate record, and pursuant to *Guthrie*, we find no reason to disturb the family court's finding that the accounts at issue constituted marital property. Therefore, we find that the family court did not err in awarding respondent one-half of the funds in those accounts. Accordingly, we conclude that the circuit court properly refused petitioner's appeal from the family court's October 16, 2019, final order.

---

[7]Petitioner further argues that the family court ordered that the disputed items be distributed through the use of a coin flip. We find that such an argument is a mischaracterization of the court's ruling, which was that the parties alternate choosing the items they each want. With two parties who were unable to agree, we further find that the family court did not err in ordering that the party making the first choice was to be determined by a "flip of [a] coin."

[8]Petitioner's fourth adopted child was an adult.

For the foregoing reasons, we affirm the circuit court's January 6, 2020, order refusing petitioner's appeal from the family court's October 16, 2019, final order.

Affirmed.

**ISSUED:**   February 2, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton