**FILED**
**February 7, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Colin Bitterfield and**
**Olena Paliasna,**
**Plaintiffs Below, Petitioners**

**vs.) No. 21-0733** (Berkeley County 19-C-90)

**Blackwell Realty, Patrick Blood,**
**Polly Smith and Trevor Sternanko, II,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Colin Bitterfield and Olena Paliasna appeal four orders of the Circuit Court of Berkeley County.[1] In its February 24, 2021, order, the circuit court awarded summary judgment to respondents on petitioners' claims involving a failed land transaction. In its August 5, 2021, order, the circuit court granted a motion filed by Respondent Trevor Sternanko, II, to strike a mechanic's lien petitioners had placed on his real property. In its August 19, 2021, order, the circuit court granted Respondent Sternanko's motion for attorney's fees and costs and granted the motion for attorney's fees and costs filed by Respondents Blackwell Realty, Patrick Blood, and Polly Smith (collectively "Blackwell Realty"). Finally, the circuit court, by judgment order also entered on August 19, 2021, awarded attorney's fees and costs to respondents. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's orders is appropriate pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

In November of 2017, Blackwell Realty acted as Respondent Sternanko's real estate broker when Respondent Sternanko and petitioners entered into a land contract for petitioners to purchase Respondent Sternanko's real property in Martinsburg, West Virginia, for $149,000. The parties agreed that the closing would not occur until November 1, 2018, so that petitioners could resolve credit issues and obtain financing for the purchase of the real property. However, petitioners wanted to move into the real property immediately. Accordingly, the parties entered into a lease

---

[1]Petitioners are self-represented. Respondent Trevor Sternanko, II, appears by counsel Christopher P. Stroech, and Respondents Blackwell Realty, Patrick Blood, and Polly Smith appear by counsel Kelsey Swaim Miller.

1

agreement to run from December 18, 2017, to November 1, 2018. On November 1, 2018, petitioners did not have the financing necessary to purchase the real property, and the land contract expired.

Petitioners' lease of the real property was extended for three months in the hope that they would secure financing. Nevertheless, at the end of the three-month lease extension, petitioners still did not have financing to purchase the real property, and their lease expired on January 31, 2019. Following their receipt of respondents' eviction notice, petitioners provided respondents with a letter demanding payment for black mold abatement and renovations of the real property that Respondent Sternanko had no notice of and did not authorize. Petitioners also placed a mechanic's lien on the real property in the land records of Berkeley County, asserting that Respondent Sternanko owed them $35,000 for the mold abatement and renovations.

In February of 2019, petitioners filed a civil action in the Circuit Court of Berkeley County against respondents based upon the failed land transaction. In April of 2019, petitioners filed an amended complaint asserting breach of the land contract, breach of the lease, improper eviction,[2] and housing discrimination.[3] Respondents filed answers to the amended complaint, denying petitioners' allegations. Respondent Sternanko also filed a counterclaim, asserting that the mechanic's lien was invalid as he never authorized petitioners to perform mold abatement or make renovations. Following discovery, respondents filed a joint motion for summary judgment on petitioners' claims. The circuit court, by order entered on February 24, 2021, granted respondents' joint motion, finding that respondents were entitled to summary judgment on each of petitioners' claims. Among other things, the circuit court found that petitioners performed mold abatement and made renovations to the real property without notice to and authorization from Respondent Sternanko.

On March 26, 2021, Respondent Sternanko filed a motion to strike petitioners' mechanic's lien based upon the findings in the summary judgment order. The circuit court, by order entered on August 5, 2021, granted Respondent Sternanko's motion to strike the mechanic's lien.

Because both the land contract and the lease provided for the awarding of attorney's fees and costs in accordance with their terms, respondents filed separate motions for attorney's fees and costs with supporting documentation to establish the fees and costs they incurred. The circuit court, by separate orders entered on August 19, 2021, (1) granted the motions and (2) awarded

---

[2]Petitioners vacated the real property on March 7, 2019.

[3]Petitioners did not allege a specific discriminatory reason for Respondent Sternanko's failure to sell the real property to them until after respondents filed their joint motion for summary judgment. In their response to the summary judgment motion, petitioners asserted the following discriminatory reasons: (1) Petitioner Colin Bitterfield is a disabled veteran; (2) Petitioner Colin Bitterfield is Jewish; (3) Petitioner Olena Paliasna is an immigrant; and (4) petitioners are domestic partners rather than spouses. *See* 42 U.S.C. § 3604 (listing prohibited practices); W. Va. Code § 5-11A-5 (prohibiting a refusal to sell based upon a person's disability).

judgment to Respondent Sternanko for $5,096.15 and to Blackwell Realty for $39,239.32.[4] Petitioners now appeal the circuit court's orders disposing of the parties' claims.

On appeal, petitioners fail to support their arguments with proper citation to the appendix record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part:

> *Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The . . . Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, as respondents note, given the confusing nature of petitioners' arguments, it is difficult to determine the exact issues petitioners are raising on appeal. "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *see also State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

Nevertheless, "[w]hen a litigant chooses to represent himself, it is the duty of the trial court [and this Court] to insure fairness, allowing reasonable accommodations for the [self-represented] litigant so long as no harm is done an adverse party[.]" *State ex rel. Dillon v. Egnor*, 188 W. Va. 221, 227, 423 S.E.2d 624, 630 (1992) (internal quotations and citations omitted). We agree with respondents that petitioners challenge the circuit court's rulings awarding respondents summary judgment, striking the mechanic's lien petitioners placed on Respondent Sternanko's real property, and granting respondents' motions for attorney's fees and costs. *See Franklin v. Pence*, 128 W. Va. 353, 356, 36 S.E.2d 505, 508 (1945) (recognizing that the assignments of error were general in nature making it "difficult to determine the exact points relied upon for reversal[,]" and causing the Court to rely upon "statements in the brief" that were "considered as indicating the main grounds of attack upon the judgment").

Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." We review a circuit court's entry of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In contrast, "[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit

---

[4]Blackwell Realty's counsel performed the majority of the legal work defending against petitioners' civil action.

court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W. Va. 355, 359, 582 S.E.2d 802, 806 (2003); *see also Somerville v. Somerville*, 179 W. Va. 386, 391, 369 S.E.2d 459, 464 (1988) (stating that "questions relating to costs are subject to the same discretion").

Having reviewed the circuit court's February 24, 2021, "Order Granting Motion For Summary Judgment" and its August 19, 2021, "Order Granting Attorney's Fees and Costs to [Respondents]," we find that the circuit court set forth findings to support the rulings that petitioners now challenge. We hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions set forth therein. The Clerk is directed to attach copies of those orders to this memorandum decision. Accordingly, we conclude that the circuit court did not err in awarding respondents summary judgment, striking the mechanic's lien petitioners placed on Respondent Sternanko's real property,[5] and granting respondents' motions for attorney's fees and costs.

For the foregoing reasons, we affirm the four orders at issue on appeal.

Affirmed.

**ISSUED:** February 7, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn

---

[5] While the circuit court struck the mechanic's lien petitioners placed on Respondent Sternanko's real property in its August 5, 2021, order, the court based that ruling upon findings set forth in the February 24, 2021, summary judgment order.