381 S.E.2d 377

**Evelyn SPIELMAN**

v.

**Willard SPIELMAN.**

**No. 18635.**

Supreme Court of Appeals
of West Virginia.

June 8, 1989.

Richard Gay, Berkeley Springs, for Evelyn Spielman.

NEELY, Justice:

Appellant, Evelyn Spielman, appeals from a circuit court order awarding her ex-husband a judgment of $3,741.81 against her as marital property distribution.[1] At the time of the parties' marriage, 20 December 1980, appellant owned a two acre parcel of land in Morgan County, West Virginia, and a trailer that she had purchased in 1976 for $12,000. There was an outstanding indebtedness on the trailer of about $7,500. Appellee, Willard Spielman, owned a home in Maryland before the marriage. The parties first moved to Maryland, fixed up Mr. Spielman's house, and Mr. Spielman sold it, netting $24,000. Mr. and Mrs. Spielman then returned to West Virginia, where they lived in Mrs. Spielman's trailer until their separation five years later. Shortly after moving to West Virginia, on 5 November 1981, Mr. Spielman used part of the proceeds from selling his house to extinguish the debt of $7,483.62 secured by his wife's trailer.

Mrs. Spielman alleges that she and her husband agreed that if she helped him fix up his house in Maryland for sale, he would pay off the debt on the trailer. Mr. Spielman denies this and says his house required almost no work before it was sold. Mr. Spielman claims that he agreed to pay off the trailer and, in exchange, his wife agreed to put her two acre property in both their names. Mrs. Spielman denies there was such an agreement and the real estate remains solely in her name. The trial court found that neither party proved the existence of either alleged agreement.

During the marriage, Mr. Spielman, together with Mrs. Spielman's two sons and her son-in-law, made considerable improvements on the trailer and the real estate, including a single room addition, an outbuilding, a deck and sidewalk, a driveway, roof repairs, gutters, and a new pump and tank for the well. Both Mr. and Mrs. Spielman claim to have paid for most of the materials for these improvements, but the trial court's findings of fact state that Mrs. Spielman spent "considerably less" than Mr. Spielman on these improvements.[2]

The trailer, together with the real estate, was valued at $17,500 on the date of the parties' marriage, and also five years later on the eve of the parties' separation.[3] On 5

---

**1.** Mrs. Spielman returned to her former name of Evelyn Barker upon her divorce from Mr. Spielman. We use her married name here to conform with the style of the case.

**2.** The trial court was apparently persuaded that Mrs. Spielman simply did not have sufficient funds to pay for very much. After the marriage, she quit work and her income was limited to about $300 monthly in social security, while

Mr. Spielman retired from the Coast Guard and received about $700 monthly in addition to the money from the sale of his house.

**3.** The real estate experts testified that the depreciation on the trailer was $500 a year, totalling $2,500 for the five year marriage, and that the value of the improvements during the five years was $2,575.

November 1985, a flood occurred in Morgan County: the parties vacated the flooded trailer and never lived together again. The trial court found that the "flood basically destroyed the value of the mobile home and the real estate improvements." Since the flood, Mrs. Spielman has spent a total of $4,500 on repairs to the real estate and mobile home, neither of which currently secures any debt. The trailer is now occupied by Mrs. Spielman's son, rent free, in exchange for his work repairing the trailer after the flood. As of 10 February 1987, the trailer was worth a minimum of $8,000 and the total value of both the real estate and trailer was $12,500.

■ The trial court found that the payment of $7,483.62 by Mr. Spielman to extinguish the outstanding debt on the trailer converted *that much* of the trailer to marital property on 5 November 1981 and that Mr. Spielman was entitled to half of that amount, $3,741.81. Mrs. Spielman appeals the judgment against her, pointing out that the statute, *W.Va.Code*, 48–2–32(d)(1) [1984], allows a court to determine the value of the marital estate only as of the date of filing for divorce, or a later date.[4] Because such a date would have to be after the flood destroyed the trailer and her sole funds rehabilitated it, she argues that Mr. Spielman is not entitled to anything.

■ However, even assuming that the trailer was, in fact, worth nothing immediately after the flood, Mrs. Spielman's argument fails to account for the fact that Mr. Spielman's contribution to the net value of the trailer was not rendered worthless by the flood. Had Mr. Spielman not used his separate funds to pay off the debt, Mrs. Spielman would have had to continue making loan payments, and at the time of the flood, the trailer would still have had some of the debt as a lien against it.[5]

Marital property is defined, in relevant part, in *W.Va.Code*, 48–2–1(e)(2) [1986] as

The amount of any increase in value in the separate property of either of the parties to a marriage, which increase results from (A) an expenditure of funds which are marital property, including an expenditure of such funds which reduces indebtedness against separate property, extinguishes liens, or otherwise increases the net value of separate property, or (B) work performed by either or both of the parties during the marriage.

In this case, Mr. Spielman did not expend marital funds, but his own separate funds to extinguish the debt on his wife's trailer, making stronger his claim for some share of that expenditure. His expenditure increased the net value of the trailer. Clearly, that increase in net value was not destroyed by the flood because after the flood, even though the trailer was considered worthless, it was debt free. The trial court went on to value the trailer at $8,000 as of 10 February 1987. That value is a net value which would have been substantially less had Mr. Spielman never used $7,500 of his separate funds to pay off the lien on the trailer. More important, Mr. Spielman's judgment amount of $3,741:81 was less than one half the existing net value of the trailer. A different result would be reached if the trailer had no value.

Accordingly, for the reasons set forth above, the judgment of the Circuit Court of Morgan County is affirmed.

Affirmed.

---

4. The later date may be one "determined by the court to be more appropriate for attaining an equitable result."

5. The record reveals that Mrs. Spielman financed $10,000 of the purchase price of the trailer in 1976. Since the balance was $7,500 five years later when her husband paid it off, we assume that five years after that, at the time of the flood, there would have remained a balance of at least several thousand dollars.