395 S.E.2d 523

**Bonnie L. MARSH**

v.

**Kenneth S. MARSH.**

**No. 19269.**

Supreme Court of Appeals of West Virginia.

July 16, 1990.

Timothy J. Manchin, Randy C. Kniha, Manchin, Aloi & Carrick, Fairmont, for Kenneth S. Marsh.

Bonnie L. (Marsh) Schoenfeld, Pittsburgh, Pa., pro se.

**PER CURIAM:**

The principal issue in this appeal by the appellant, Kenneth S. Marsh, is whether the Circuit Court of Harrison County erred in ordering the reduction in child support payments to commence on October 1, 1988, rather than on June 3, 1987, the date the petition was filed, or on December 10, 1987, the date of the last hearing. The appellant also contends that the circuit court erred in granting the appellee, Bonnie L. Marsh, a judgment for arrearages in child support and alimony in the amount of $7,000, and in approving the family law master's recommended decision which was not issued within ten days following the close of the evidence as required by *W.Va.Code*, 48A–4–4(b) [1986].[1] We find no reversible error,

---

1. *W.Va.Code*, 48A–4–4(b) [1986] provides:

A master who has presided at the hearing pursuant to section 2 of this article shall recommend a decision to the circuit court within ten days following the close of the evidence.

Before the recommended decision is made, the master may, in his discretion, require the parties to submit proposed findings and conclusions and the supporting reasons therefor.

and accordingly, the decision of the circuit court is affirmed.

The parties were married on September 21, 1974. The parties, upon their agreement to separate, entered into a property and separation agreement on January 22, 1985. Pursuant to that agreement, the appellant was required to pay the appellee child support in the amount of $1,000.00 per month and alimony in the amount of $200.00 per month. Custody of the parties' two children was awarded to the appellee. The final divorce decree, which incorporated within it the property and separation agreement, was entered on March 21, 1986.

On June 3, 1987, the appellant filed a petition requesting that his child support payments be reduced and that his obligation to pay alimony be terminated. The appellant contended that his income had decreased as a result of his unemployment and that he was only receiving unemployment compensation in the amount of $175.00 per week. Hearings were conducted before the family law master on July 6, 1987, October 5, 1987, November 9, 1987 and December 10, 1987.

Evidence taken at the hearing showed that, at the time the parties entered into the property and separation agreement, the appellant was employed by Union Carbide and was earning a salary of approximately $28,000.00 per year. The appellant ceased employment with Union Carbide in May of 1985, and began receiving unemployment compensation in the amount of $900.00 per month. The appellant stated that he next became employed in September of 1985 by Georgia Pacific in Palaka, Florida, at a salary of $32,000 per year. He worked for Georgia Pacific until May of 1987 and again began receiving unemployment compensation from the State of Florida in the amount of $175.00 per week. At this time, the appellant discontinued his child support and alimony payments to the appellee.[2] The appellant subsequently became employed by Precision Industries in September of 1987, at a salary of $2,000.00 per month.[3]

The appellee testified at the December 10, 1987, hearing that she had obtained employment with Arco Chemical Company with a net income per month of $2,065.00. She further testified that the expenses she incurs per month exceed $3,600.00.

The family law master issued a recommended decision dated September 19, 1988. In that decision, the family law master recommended that the appellant's child support payments be reduced from $1,000 per month to $510.00 per month beginning on October 1, 1988, and that the appellant owed the appellee the amount of $7,000 for arrearages in child support and alimony payments.[4] The circuit court entered an order on December 16, 1988, setting forth the findings and conclusions of the family law master.

The key issue in this appeal is whether the circuit court erred in ordering the reduction in child support to commence on October 1, 1988. The appellant contends that the circuit court should have ordered the reduction to begin on either June 3, 1987, the date the petition was filed, or on December 10, 1987, the date of the last hearing. The circuit court declined to enter a *nunc pro tunc* order because it believed the order would be contrary to the holding of this Court in *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987).[5]

---

**2.** The appellant testified that he did not make any payments to the appellee for the months of June, July, August and September of 1987.

**3.** The appellant testified at the December 10, 1987, hearing that he began paying the appellee $400.00 per month beginning in October of 1987.

**4.** The family law master noted that the defendant was in arrears in child support and alimony payments in the amount of $7,000.00 as of December 10, 1987, and failed to pay a previous-

ly ordered attorney fee in the amount of $175.00. The family law master stated that the appellant should not be held in contempt, although he failed to comply with the court's previous orders, since his failure to pay was related to his loss of income for a period of time in 1987.

**5.** In *Goff*, 177 W.Va. at 746, 356 S.E.2d at 500, this Court stated that "the authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable cir-

■ We find no merit in the appellant's argument that the reduction in child support should commence on either June 3, 1987, the date the petition was filed, or on December 10, 1987, the date of the last hearing, rather than on October 1, 1988. There is no statute or rule which specifies the time in which a reduction or increase in child support should commence. Although the authority of the circuit court to modify child support awards is prospective only and does not apply to arrearages, the determination as to the time in which the reduction in payments should take effect is otherwise within the sound discretion of the court as we stated in syllabus point 2 of *Whittaker v. Whittaker, supra:*

> ' "Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977).' Syllabus Point 2, *Lambert v. Miller*, 178 W.Va. 224, 358 S.E.2d 785 (1987).

Other courts have also held that the trial court may exercise its discretion in determining the effective date of a modification of an award of child support. *See, e.g., Murphy v. Murphy*, 491 So.2d 978 (Ala.Civ. App.1986); *In re Marriage of McDavid*, 97 Ill.App.3d 1044, 54 Ill.Dec. 577, 425 N.E.2d 442 (1981); *Kruse v. Kruse*, 464 N.E.2d 934 (Ind.App.1984); *In re Marriage of Stanley*, 411 N.W.2d 698 (Iowa App.1987); *Viskup v. Viskup*, 150 Vt. 208, 552 A.2d 400 (1988); *Chase v. Chase*, 74 Wash.2d 253, 444 P.2d 145 (1968).

■ Furthermore, among the many factors considered by courts in determining the effective date of a modification of child support payments are the following: (1) a demonstration by the mother that the need for additional support was present at the time of the filing, *Friedman v. Friedman*, 307 So.2d 926 (Fla.App.1975); (2) a showing that a reduction in child support payments made effective at the time of the filing of the motion would place upon the mother a heavy burden of repayment, *Davidson v. Davidson*, 786 S.W.2d 186 (Mo.App.1990); (3) a party's deliberate attempt to slow down or delay the hearing, *In re Marriage of D.M.S.*, 648 S.W.2d 609 (Mo.App.1983); and (4) a disability of a father subsequent to the divorce decree and the resulting entitlement to social security, *Matter of Marriage of Cope*, 49 Or.App. 301, 619 P.2d 883 (1980).

■ Although in the instant case the appellant was unemployed for a period of four months, the record shows that he had found employment as of the date of the hearing and was earning a salary almost comparable to that which he was earning at the time the separation agreement was entered into by the parties. It is clear that the appellant has the ability to pay the child support and the substantial arrearages which have accumulated since the appellant began paying less support than was ordered by the court. Furthermore, it is in the best interests of the children that the modification be effective as of October 1, 1988. Accordingly, we find that the circuit court did not abuse its discretion in making the child support modification effective October 1, 1988.

■ Since we have determined that the reduction in payments of child support should take effect as of October 1, 1988, we need not address the appellant's argument that the amount of arrearages of $7,000 must be modified.[6]

■ For the reasons set forth herein, we find no reversible error and, accordingly,

---

cumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments." (citations omitted).

**6.** As the final assignment of error, the appellant contends that the family law master's failure to issue a decision within ten days following the close of the evidence violated *W.Va.Code*, 48A–4–4(b) [1986], and that the trial court erred by approving it. The appellant, however, has not asserted that any prejudice resulted from the delay in the issuance of the family law master's recommendation nor does it appear from the record that the delay had any prejudicial effect. Accordingly, we reject the appellant's argument.

the order of the Harrison County Circuit Court is affirmed.[7]

Affirmed.

7. As a cross assignment of error, the appellee contends that the circuit court erred in reducing the amount of child support below the minimum specified in the settlement agreement entered into between the parties at the time of the divorce. Pursuant to *W.Va.Code,* 48–2–15(e) [1986], a circuit court may modify the amount of child support payments only upon a showing of a substantial change in circumstances which was not contemplated by either of the parties at the time the order was entered and the benefit of the child requires such a modification. *See Lambert v. Miller,* 178 W.Va. 224, 358 S.E.2d 785 (1987). Since this Court's decision in *Lambert v. Miller,* however, *W.Va.Code,* 48–2–15(e) has been amended. We need not address in this opinion the extent to which *Lambert v. Miller* has been modified by that amendment.

In the case now before us, there was evidence to support the circuit court's order reducing the monthly child support payments from $1,000.00 to $510.00 per month. At the time of the divorce, the appellant was earning a net income of approximately $2,050.00 per month, and the appellee was unemployed. The appellant was then unemployed from May of 1987, until September of 1987. At the time of the hearing, both parties were employed, but the appellee's income was slightly higher than the appellant's. Thus, we conclude that the circuit court's order was supported by the evidence.

We note that the parties may seek further relief in Pennsylvania.