428 S.E.2d 769

**Mary Margaret DOWNEY, Plaintiff Below, Appellant,**

v.

**Gordon Chris KAMKA, Defendant Below, Appellee.**

No. 21188.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1993.

Decided March 25, 1993.

Robin Jean Davis, Charleston, for appellant.

John J. Charonko, Charleston, for appellee.

PER CURIAM:

This action is before this Court upon an appeal from the October 1, 1991, order of the Circuit Court of Kanawha County, West Virginia, which granted the parties a divorce upon the grounds of irreconcilable differences. The circuit court awarded custody of the parties' child, Caitlin Chris Downey, who was born on July 29, 1989, to the appellant, Mary Margaret Downey. The appellee is Gordon Chris Kamka. The appellant raises four issues on appeal: (1) the date the child support award is to become effective; (2) whether the appellant is required to pay one-half of the tax debt indebtedness incurred by the appellee prior to the parties' marriage; (3) whether the appellant is further required to pay one-half of the outstanding taxes due and owing to the State and one-half of an accounting bill which were incurred during the marriage; and (4) whether the appellant is entitled to one-half of the equity in certain farm equipment which accrued during the marriage.

The parties to this action were married on May 9, 1987, and separated on April 4, 1989. The civil action seeking the divorce was filed in the Circuit Court of Kanawha County, West Virginia on October 24, 1989.

On February 13, 1990, the parties entered into an agreed temporary order with regard to issues concerning custody, child support and exclusive use and possession of certain marital assets. In her recommended decision, on March 25, 1991, the family law master utilized the child support formula and recommended an increase in child support from $800.00 per month, as stated in the agreed temporary order, to $1,148.50 per month. Furthermore, the family law master recommended that outstanding taxes due and owing to the State is a marital indebtedness to be divided equally between the parties, and that the farm equipment is the appellee's separate property.

On October 1, 1991, the circuit court judge affirmed the findings of fact and conclusions of law as recommended by the family law master on March 25, 1991.

This Court has before it the petition for appeal, all matters of record and the briefs of counsel. For the reasons stated below, the judgment of the circuit court is affirmed, in part, and reversed, in part.

■ The appellant's first contention is that the appellee should be required to pay the increase in the child support retroactively to the date of the recommended decision of the family law master. Specifically, the appellant seeks approximately $2,440.00 in child support between March 25, 1991, the date of the recommended decision, and October 1, 1991, the date the final order was entered.

■ The appellant primarily argues that it is not in the best interest of the child to be deprived of child support payments because of delays in our judicial system. We

have recognized the importance of considering the best interest of the child when determining the date the child support award is to become effective. *See Marsh v. Marsh*, 183 W.Va. 279, 282, 395 S.E.2d 523, 526 (1990). However, it is well established that "questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the trial court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977).

The record is unclear as to what caused the delay. The appellee suggests that the delay was based upon a combination of the trial judge failing to timely receive income information he requested, and the parties filing numerous motions and pleadings after the hearing before the judge. On the other hand, the appellant asserts that much of the paperwork was a result of the appellee's failure to comply with various orders entered by the circuit court. Yet, these petitions, as the appellant argues, had no effect on the speed of the decision on exceptions before the judge.[1]

Furthermore, the record has not been developed to show any abuse in discretion by the trial judge in not granting the child support retroactively to the recommendation of the family law master. Moreover, it is important to note that there is nothing in the record to indicate that the retroactivity issue was ever raised below.

We, therefore, find that the record is void of any clear-cut evidence that would tend to prove that the circuit court's delay and setting the date of the child support payments on the date of its order was an abuse of its discretion. Thus, we affirm the ruling of the circuit court.[2]

■ Next, the appellant contends that she is entitled to be reimbursed for one-half of the pre-marital tax debt, incurred by the appellee prior to the parties' marriage, which was later paid with marital funds. We agree with the appellant.

The appellee admitted that he paid all of his 1985–86 tax liabilities, totalling $27,595.00, during the parties' marriage. The amount of indebtedness was obviously reduced through the expenditure of marital assets. *See W.Va.Code*, 48–2–1(e)(1) & (2) [1992].

■ "In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence." Syl. pt. 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945). In this case, we are of the opinion that the circuit court erred in requiring the appellant to pay one-half of the appellee's tax indebtedness of $27,595.00, incurred by the appellee prior to the parties' marriage. We reverse the ruling of the circuit court and find that the appellee shall reimburse the appellant for one-half of the premarital tax debt which was paid with marital funds, or $13,797.50. *See* syllabus, *Spielman v. Spielman*, 181 W.Va. 178, 381 S.E.2d 377 (1989).

■ The third issue before us is the appellant's contention that she should not be required to pay one-half of the $5,784.00 in outstanding taxes due and owing to the State, or $2,892.00, plus one-half of the appellee's $3,000.00 marital accounting bill,

---

1. During evidentiary hearings, the testimony focused on custody and visitation issues relating to the parties' child. The appellant filed a petition for contempt on June 5, 1991, for the appellee's failure to comply with the visitation schedules. In reply, the appellee filed a counter petition for contempt on June 26, 1991, for the appellant's failure to comply with previous visitation orders of the circuit court.

2. Rules for Practice and Procedure for Family Law are now being considered for adoption by the Court. These rules are being designed to govern the procedures applicable to actions filed pursuant to chapters 48 and 48A (48–1–1, *et seq.* and 48A–1–1, *et seq.*) of the *W.Va.Code* before family law masters and circuit court judges. Chapter XI, section 43(c) of the rules addresses the date the child support orders are to become effective. The rule states that unless a circuit judge or family law master expressly states otherwise, the effective date of the order establishing support is the date the child support pleading was filed.

or $1,500.00, for a total of $4,392.00. We disagree.

Mr. Luther Hanson, the parties' accountant, provided information to the circuit court regarding the $5,784.00 in West Virginia state taxes still due and owing for the years 1987, 1988, and 1989, during which the parties were married.

The appellant argues that during the marriage, the parties filed separate tax returns, and the appellant paid her taxes in a timely fashion, unlike the appellee. The appellant further argues that it is unfair to require her to pay $4,392.00 or one-half, respectively, of the outstanding taxes and accounting bills which were the direct result of the appellee's failure to timely pay his share of the taxes. The fact that the parties filed separate tax returns during their marriage is irrelevant, because the tax liability incurred was a marital debt.

Similarly, the marital accounting bill was incurred during the marriage for the benefit of the parties and is also a marital debt. Mr. Ira Sugar preceded Mr. Luther Hanson as the parties' accountant, but part of Mr. Sugar's bill remained unpaid.

In a divorce action, the parties must comply with the discovery rules pursuant to Rule 81(a)(2) of the *West Virginia Rules of Civil Procedure*. The court may also require each party to furnish information pertaining to all assets owned by the parties including all debts and liabilities owed by the parties. *W.Va.Code*, 48–2–33 [1992]. *See also* syllabus point 1, *Hamstead v. Hamstead*, 178 W.Va. 23, 357 S.E.2d 216 (1987), *overruled on another point*, syl. pt. 4, *Roig v. Roig*, 178 W.Va. 781, 364 S.E.2d 794 (1987). This information is necessary to enable the circuit court to carry out the equitable distribution process. More specifically, equitable distribution allocates the assets and liabilities between the parties.

Equitable distribution under *W.Va. Code*, 48–2–1, *et seq.*, is a three-step process. The first step is to classify the parties' property as marital or nonmarital. The second step is to value the marital assets. [*W.Va.Code*, 48–2–32(d)(1) [1984]]. The third step is to di-

vide the marital assets between the parties in accordance with the principles contained in *W.Va.Code*, 48–2–32. Syl. pt. 1, *Whiting v. Whiting*, 183 W.Va. 451, 396 S.E.2d 413 (1990). In the instant case, we are concerned with step two. "For purposes of equitable distribution, *W.Va.Code*, 48–2–32(d)(1) [1984], requires that a determination be made of the net value of the marital property of the parties." Syl. pt. 2, *Tankersley v. Tankersley*, 182 W.Va. 627, 390 S.E.2d 826 (1990). Specifically, "[i]n computing the value of any net asset, the indebtedness owed against such asset should ordinarily be deducted from its fair market value." Syl. pt. 3, in part, *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983).

In the case before us, the record indicates that the family law master appropriately considered the value of all the parties' assets against the debts and liabilities of the parties in arriving at an equal distribution of the same. This includes the equitable distributions of the outstanding tax debt and accounting bill incurred during the marriage. Thus, the ruling of the circuit court that the parties assume equal responsibility of the outstanding tax and accounting debts incurred during the marriage is affirmed.

The final issue before us deals with the appellant's contention that she is entitled to one-half of the equity in the farm equipment which accrued during the parties' marriage. It is undisputed that the farm equipment was acquired by the appellee prior to the marriage and that marital assets were used to make payments on the farm equipment during the marriage. A payment schedule was introduced into evidence by the appellant which reflects that the total equity paid on the equipment during the marriage was $6,000.00.

The appellant correctly argues that she is entitled to her equity in the farm equipment in the amount of $3,000.00. Pursuant to *W.Va.Code*, 48–2–1(e)(2)(A) [1992], marital property, as relevant herein, is:

the amount of any increase in value in the separate property [separate property

means property acquired by a person before marriage. *W.Va.Code,* 48–2–1(f)(1) [1992].] of either of the parties to a marriage, which increase results from an expenditure of funds which are marital property, including an expenditure of such funds which reduces indebtedness against separate property, extinguishes liens, or otherwise increases the net value of separate property[.]

"In the absence of a valid agreement, the trial court in a divorce case shall presume that all marital property is to be divided equally between the parties[.]" Syl. pt. 1, in part, *Somerville v. Somerville,* 179 W.Va. 386, 369 S.E.2d 459 (1988). To assist in the equitable distribution, *W.Va.Code,* 48–2–32(d)(7)(C) [1984] provides, in part:

To make such equitable distribution, the court may: direct either party to pay a sum of money to the other party in lieu of transferring specific property or an interest therein, if necessary to adjust the equities and rights of the parties, which sum may be paid in installments or otherwise, as the court may direct[.]

When the factors outlined above are considered, it is clear that the circuit court erred in holding that the farm equipment is the appellee's sole and separate property. Therefore, we find that the appellant is entitled to $3,000.00, or one-half of the equity in the farm equipment which accumulated during the marriage.

Accordingly, we find that the record has not been sufficiently developed to determine that the circuit court's delay in ruling upon this case was an abuse of the court's discretion, and, furthermore, there is nothing in the record to indicate that the retroactivity issue was ever raised below. The effective date of the child support award will therefore remain October 1, 1991. However, the circuit court did err in requiring the appellant to pay one-half of the appellee's tax indebtedness which was incurred prior to the marriage, and thus, the appellee shall reimburse the appellant for one-half of the premarital tax debt which was paid with marital funds, or $13,-797.50. We further find that the circuit court was correct in its decision that the

appellant be required to pay $4,392.00, which is one-half of the $5,784.00 in outstanding taxes due and owing to the State, or $2,892.00, plus one-half of the $3,000.00 accounting bill incurred during the marriage, or $1,500.00. Finally, the circuit court's decision is reversed insofar as we find the farm equipment to be marital property, and as a result of its new status, the appellant is entitled to $3,000.00, or one-half of the equity which accumulated in the farm equipment during the marriage.

Thus, for the reasons set forth herein, this Court is of the opinion that the final order of the Circuit Court of Kanawha County should be affirmed, in part, and reversed, in part.

Affirmed, in part; reversed, in part.