# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregory C.,**
**Respondent Below, Petitioner**

**vs) No. 14-1109** (Jefferson County 13-D-351)

**Victoria C.,**
**Petitioner Below, Respondent**

**FILED**

November 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gregory C., by counsel David A. Camilletti appeals the July 22, 2014, order of the Family Court of Jefferson County and the September 23, 2014, order of the Circuit Court of Jefferson County in this divorce action. Respondent Victoria C., by counsel Stephanie E. Scales-Sherrin, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married on December 22, 2004, and lived together from approximately 2000 until 2013. Two children were born of the parties, one child prior to the marriage, born December 9, 2002, and another who is deceased. Petitioner husband is a flooring installation contractor. Respondent wife stayed at home to raise the children and had an internet-based sales business. On October 2, 2013, Respondent wife filed a petition for divorce in the Family Court of Jefferson County, West Virginia. After a contested hearing on June 2, 2014, a Final Order was entered by the family court on July 22, 2014.

The family court order found (1) that the wife would keep the marital residence purchased by the parties prior to the marriage in the wife's name only; (2) that the husband would be entitled to credit for the reduction in principle of the mortgage of the marital residence; (3) that the husband would be assessed the net value of his separate binding business at $5,000.00 and the net value of his flooring business at $1,000.00; (4) that the wife would be assessed personal property retained at the value of $12,275.00; (5) that the wife would be credited with the assumption of marital debt totaling $2,584.00; (6) that the husband would be credited with the binding business credit card debt; (7) that the wife would be entitled to credit for the 2005 and 2006 IRS payments of the husband's pre-marital tax debt in the amount of $17,749.10; (8) that the husband should be given credit for the medical bills in his name but only

1

if he pays them; (9) that the wife will be credited with an increase in her taxes for the respondent's use of the minor child as a tax deduction for 2013; (10) that the husband shall pay $1,000.00 of wife's attorney's fees; (11) that the husband owes the wife $3,501.13 in equitable distribution; (12) that the husband is attributed income in the amount of $36,000.00; (13) that the wife stayed home for ten years to care for the parties' child; and (14) that the husband shall pay spousal support in the amount of $1,000 per month.

Petitioner husband appealed the order of the family court to the Circuit Court of Jefferson County. The circuit court found that the family court did not abuse its discretion on any issue, nor did the family court commit any error and denied the appeal. Petitioner now appeals the July 22, 2014, order of the family court and the September 23, 2014, order of the Circuit Court of Jefferson County.

Petitioner asserts several assignments of error on appeal. Petitioner claims that the circuit court abused its discretion and committed reversible error by (1) finding that petitioner has "attributable" income of $36,000.00 per year, when a substantial portion of that income consists of a gift from the petitioner's mother; (2) finding that the family court did not err in establishing an award of permanent spousal support to respondent in the amount of $1,000.00 per month; (3) upholding the family court award to respondent of a reimbursement of one hundred percent (100%) of the marital funds paid towards the appellant's premarital tax debt; (4) refusing petitioner immediate credit for his work-related medical bills accrued during the marriage; (5) upholding the final divorce order of the family court when the family court announced findings of fact in open court and materially altered those in the final order without holding any further hearing and taking of further evidence; and (6) upholding the family court's denial of the petitioner's request for financial disclosure by not requiring the respondent to make a full financial disclosure to the family court.[1]

---

[1] Petitioner raises three additional assignments of error. Petitioner asserts as an assignment of error that "[i]t is an abuse of discretion and reversible error for the Family Court to find that the Appellant is entitled to credit for reducing the mortgage principle of the parties' marital home and credit for increasing the value of the marital home by improvements and then not actually crediting the Appellant with the full value of said improvements and principle reduction." Petitioner claims that he is entitled to $6,000 credit for improvements made to the domicile. However, we decline to address this assignment of error. A review of the record reveals that the petitioner and respondent agreed on the record during the final hearing to $3,000.00 credit for equitable distribution for the work petitioner performed on the home. "A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal. Syl. Pt. 1, in part, *Maples v. W.Va. Dep't of Commerce, Div. of Parks and Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 4, *PNGI Charles Town Gaming, LLC v. Reynolds*, 229 W.Va. 123, 727 S.E.2d 799 (2011).

Petitioner asserts as an additional assignment of error that the circuit court abused its discretion by upholding a family court order that does not make adequate findings of fact regarding all of the disputed issues between the parties. Petitioner claims that the family court's final order did not contain findings of fact sufficient to establish the attribution of $36,000.00 per year in income to petitioner; did not contain findings of fact regarding petitioner's improvements (continued . . .)

Generally,

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Further,

---

to the marital residence; and did not contain findings of fact regarding petitioner's contributions to the reduction of the mortgage principle of the marital residence. Petitioner raises the issue of sufficient findings of fact regarding the attribution of $36,000.00 for the first time on appeal to this court. "Errors assigned for the first time on appeal will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court had objection been raised there." Syl. Pt. 1, *State v. Berry*, 227 W.Va. 221, 707 S.E.2d 831 (2011) (citation omitted). Therefore, we decline to consider that particular portion of the assignment of error. In addition, the record reflects that a stipulation between the parties regarding petitioner's improvements to the marital residence and petitioner's contributions to the reduction of the mortgage principle. As stated previously, "A litigant may not silently acquiesce to an alleged error . . . and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, in part, *Maples v. W. Va. Dep't of Commerce, Div. of Parks and Recreation,* 197 W.Va. 318, 475 S.E.2d 410 (1996). *See* Syl. Pt. 4, *PNGI Charles Town Gaming, LLC*. Therefore, we decline to reverse on those stated grounds.

Petitioner claims further that he is entitled to credit for credit card debt in the amount of $2,400.00. However, petitioner fails to set forth legal argument regarding this assignment of error. West Virginia Rule of Appellate Procedure 10(c)(7) outlines the requirements for briefs:

> Argument - The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Moreover, it is the petitioner's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dep't. of Health & Human Resources Employees Federal Credit Union v. Tennant,* 215 W.Va. 387, 599 S.E.2d 810 (2004). Accordingly we decline to consider this particular assignment of error.

3

"In the absence of a valid agreement, the trial court in a divorce case shall presume that all marital property is to be divided equally between the parties, but may alter this distribution, without regard to fault, based on consideration of certain statutorily enumerated factors, including: (1) monetary contributions to marital property such as employment income, other earnings, and funds which were separate property; (2) non-monetary contributions to marital property, such as homemaker services, child care services, labor performed without compensation, labor performed in the actual maintenance or improvement of tangible marital property, or labor performed in the management or investment of assets which are marital property; (3) the effect of the marriage on the income-earning abilities of the parties, such as contributions by either party to the education or training of the other party, or foregoing by either party of employment or education; or (4) conduct by either party that lessened the value of marital property. W.Va.Code § 48-2-32(c) (1986)." Syllabus point 1, *Somerville v. Somerville,* 179 W.Va. 386, 369 S.E.2d 459 (1988).

Syl. Pt. 1, *Sellitti v. Sellitti*, 192 W.Va. 546, 453 S.E.2d 380 (1994)

Petitioner first asserts that the circuit court erred in upholding the family court's finding that petitioner had "attributable income" of $36,000.00 per year. Petitioner asserts that a large portion of his income is in the form of a gift from his mother, which cannot be used as evidence of additional income. The circuit court found that petitioner's financial statement stated that he made $2,780.00 per month, and that petitioner had the ability to earn income due to his substantial experience installing carpets, hardwood floors and tile. Based upon these findings, the circuit court found that the family court did not err in attributing income to petitioner in the amount of $36,000.00.

We agree. We have held,

"'[a]ttributed income' means income not actually earned by a parent, but which may be attributed to the parent because he or she is unemployed, is not working full time, is working below full earning capacity, or has non-performing or under-performing assets. [W Va.Code § 48–1–205 (2008) ]. Attributed income consists of moneys which a support obligor should have earned had he or she diligently pursued reasonable employment opportunities, or reasonably utilized, applied, or invested his or her assets." Syl. pt. 4, *Porter v. Bego,* 200 W.Va. 168, 488 S.E.2d 443 (1997).

Syl. Pt. 2, *Melinda H. v. William R.*, 230 W.Va. 731, 742 S.E.2d 419 (2013). Petitioner's financial statement indicated that petitioner received income in the amount of $2,278.00 per month. In addition, the record is replete with evidence that petitioner is a highly skilled, and has substantial expertise installing carpets, hardwood floors, and tile. Further, there is evidence that in past years, petitioner earned annual income of at least $60,000 per year, and petitioner testified at the final hearing that he considers the monetary assistance received from his mother to be a "loan" and not a gift. Accordingly, we find the circuit court did not abuse its discretion in attributing income to petitioner in the amount of $36,000.00 per year.

4

Petitioner's second assignment of error is that the family court abused its discretion by awarding permanent spousal support in the amount of $1,000 per month to his wife. Petitioner argues that the family court did not consider the factors to be considered in an award of child support pursuant to West Virginia Code § 48-6-301. The circuit court found that pursuant to West Virginia Code § 48-6-301(4)[2], and West Virginia Code § 48-6-301(8)[3] that the award of spousal support was appropriate, and that the family court did not abuse its discretion. We agree.

West Virginia Code § 48-6-301 outlines factors to be considered in an award of spousal support. West Virginia Code § 48-6-301(4) requires the courts to consider the income-earning abilities of the parties, and West Virginia Code § 48-6-301(8) requires the courts to consider whether a party postponed or relinquished any employment educational, or economic opportunities during the marriage. The circuit court found that pursuant to an agreement between the parties, respondent stayed home with the parties' child, in lieu of earning income outside of the home. The circuit court also found that petitioner testified that she looked extensively for work but was only able to obtain seasonal employment. The circuit court further found that the arrangement between the parties for respondent to stay home impaired respondent's ability to obtain employment. Based upon the above outlined factors, we find no error in the circuit court's findings and find no abuse of discretion.

Petitioner next asserts that the circuit court erred in upholding the family court's reimbursement to respondent of one hundred percent of the marital funds paid towards petitioner's premarital tax debt. Prior to the marriage, petitioner incurred a tax liability to the IRS in the amount of $17,149.10. Petitioner asserts that respondent is only entitled to 50% reimbursement of the marital funds, pursuant to our holding in *Downey v. Kamka*, 189 W.Va. 141, 428 S.E.2d 769 (1993). However, petitioner's argument misstates our holding in *Downey*. In *Downey*, the circuit court found that the wife was required to pay one-half of the tax debt which her husband acquired prior to their marriage. *Id.*, 189 W.Va. at 145, 428 S.E.2d at 773. This Court overruled the circuit court and found that the wife was entitled to be reimbursed for one half of the debt, or that the husband was responsible for one hundred percent of his premarital debt, holding, "the circuit court did err in requiring the appellant to pay one-half of the appellee's tax indebtedness which was incurred prior to the marriage, and thus, the appellee shall reimburse the appellant for one-half of the premarital tax debt which was paid with marital funds . . . ." *Downey*, 189 W.Va. at 145, 428 S.E.2d at 773. Similarly, we find no abuse of discretion in the circuit court's order, and decline to reverse on that ground.

---

[2] West Virginia Code § 48-6-301(4) requires the court to consider "[t]he income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market and custodial responsibilities for children[.]"

[3] West Virginia Code § 48-6-301(8) requires the court to consider "[w]hether either party has foregone or postponed economic, education or employment opportunities during the course of the marriage[.]"

5

Petitioner next claims that the circuit court erred in failing to give him immediate credit for medical bills accrued during the marriage. Petitioner asserts that pursuant to West Virginia Code § 48-7-103, he is entitled to immediate credit for medical bills in the amount of $7500, for injuries sustained during the marriage. At the final hearing, respondent objected to the inclusion of these bills, claiming that petitioner had not paid them, and did not intend to pay them. "In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence." Syl. Pt. 4, in part, *Sellitti* (citations omitted). Upon review, we find no error in the circuit court's decision to uphold this ruling. The record reflects that, although petitioner submitted the medical bills for consideration, there is no evidence that petitioner paid the debt, or intended to pay the debt. Further, the circuit court upheld the family court's decision that respondent would become responsible for her portion of the medical bills once petitioner provided proof that he in fact paid those bills. Under these facts, we find the circuit court did not abuse its discretion in upholding this finding of the family court, and decline to reverse on that ground.

Petitioner also argues that the family court erroneously made certain findings at the final hearing, and then amended those findings in the Final Order without taking further evidence. Petitioner asserts that prior to the entry of the final order, the equitable distribution chart revealed that respondent owed petitioner $5,636.75. Upon entry of the final order, the family court found that petitioner owed respondent $2,501.00 and $1,000.00 in attorney's fees. The circuit court found that respondent properly filed a Motion for Relief from Clerical Error, pursuant to Rule 60(a) of the West Virginia Rules of Civil Procedure. Respondent requested an adjustment of premarital tax debt which was erroneously distributed equally between the parties. The adjustment corrected the previous figure of petitioner's pre-marital tax debt from $8,874 to $17,749, and that this change necessitated the amendment contained in the final order. We agree with the circuit court.

> "A trial court has the power in its discretion to modify, set aside or vacate any judgment or decree during the term in which it is rendered. This power must be exercised with a sound discretion and not in an arbitrary or capricious manner; and if the trial court has acted in the exercise of a sound discretion an appellate court will not interfere except for the most cogent reasons."

*Manypenny v. Graham*, 149 W.Va. 56, 64, 138 S.E.2d 724, 730 (1964) (citing Parkersburg National Bank v. Neal, 28 W.Va. 744 [(1886)]). *See also* Syl. Pt. 4, *Thompson v. Buffalo Land & Coal Co.*, 77 W.Va. 782, 88 S.E. 1040 (1916). ("A court has jurisdiction over its final decrees during the term at which they are made, and may set them aside at any time before adjournment.") As we earlier held that petitioner is responsible for the entire amount of his pre-marital tax debt, it was necessary for the family court to re-calculate the equitable distribution claims. Accordingly, we find no error.

Petitioner also claims the circuit court erred in upholding the family court's denial of the petitioner's request for financial disclosure by not requiring the respondent to make a full financial disclosure to the family court, particularly after petitioner filed a Motion for Financial Disclosure. West Virginia Code § 48-7-203 requires that the parties disclose financial

6

information on a form prepared by this Court.[4] Petitioner claims that respondent was not required to provide evidence regarding income from an internet business that respondent runs out of her home. The circuit court found that petitioner mischaracterized the nature of respondent's financial disclosures, and found that respondent provided a financial statement, and testified to her seasonal employment and concomitant income. The circuit court also found that petitioner provided her 2013 W-2 Wage and Tax Statement, employment pay stubs, and PayPal expense statements. The circuit court found further that petitioner chose not to cross-examine petitioner regarding these disclosures.

We have held, that the statute regarding financial disclosure, "requires a full disclosure of one spouse's financial assets to the other spouse at the time of divorce, and contemplates a meaningful hearing on the subject of equitable distribution of property at which the spouse submitting financial data may be cross-examined concerning the nature, origin and amount of assets." Syl. Pt. 2, *Mitchell v. Mitchell*, 205 W.Va. 203, 517 S.E.2d 300 (1999) (citation omitted). Although the family court did not require respondent to submit an additional Financial Statement, we find the circuit court did not err in finding that the family court did not abuse its discretion. Respondent provided evidence of her online business in the form of her PayPal expense statements, and according to the record, petitioner's counsel had the opportunity to cross-examine respondent regarding this income. Accordingly, we find no error.

---

[4] West Virginia Code §48-7-203 provides,

The supreme court of appeals shall prepare and make available a standard form for the disclosure of assets and liabilities required by this part. The clerk of the circuit court and the secretary-clerk of the family court shall make these forms available to all parties in any divorce action or other action involving child support. All disclosure required by this part shall be on a form that substantially complies with the form promulgated by the Supreme Court of Appeals. The form used shall contain a statement in conspicuous print that complete disclosure of assets and liabilities is required by law and deliberate failure to provide complete disclosure as ordered by the court constitutes false swearing.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis