# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 24, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JESSICA LONGERBEAM,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-285**          (Fam. Ct. of Kanawha Cnty. No. 23-D-267)

**JOSHUA LONGERBEAM,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jessica Longerbeam ("Wife") appeals the Family Court of Kanawha County's May 31, 2023, Final Divorce Order which ordered her to pay $1,500.00 to Respondent Joshua Longerbeam ("Husband") for reimbursement of his tax refund that the court found was intercepted to pay Wife's child support arrearages to a third party. Husband did not file a response. The court appointed guardian ad litem for Husband filed a response in support of the family court's decision.[1] Wife did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for a memorandum decision. For the reasons set forth below, the family court's decision as it relates to Husband's tax refund is vacated.

The parties were married on or about March 19, 2015, and separated on or about December 10, 2017. On March 29, 2023, Wife filed a petition for divorce. There were no children born of the marriage, and Husband has no children, but Wife has a child from a previous relationship. On May 31, 2023, the family court held a final hearing on Wife's divorce petition. Wife appeared in person and unrepresented for the final hearing. Husband appeared by court-appointed guardian ad litem due to being incarcerated and was not present for the final hearing either in person, telephonically, or electronically.

---

[1] Jessica Longerbeam is self-represented. Charles M. Love, IV, Esq. was appointed as guardian ad litem for Joshua Longerbeam due to Mr. Longerbeam's status as an incarcerated individual.

At the beginning of the final hearing, the guardian ad litem and Wife were sworn in to testify by the family court.[2] The guardian ad litem testified that he had met with Husband twice during the divorce proceedings and that Husband informed him that Husband received a $3,000.00 tax refund during the parties' marriage that was intercepted to pay Wife's child support arrearages owed to a third party. Wife testified that although she did owe child support arrearages to a third party during the parties' marriage, she was not aware of an intercept. She further testified that she was the only party ever employed during the marriage, and that Husband had never worked. Wife's testimony revealed that during the parties' marriage, particularly between the years of 2015 and 2017, both parties were "in and out of jail" and she only worked for a "couple of months" during that time. Wife testified that she had never filed a tax return until 2023 and was unaware that Husband received a tax refund during their marriage. Upon the conclusion of the hearing, the guardian ad litem moved the family court for a $3,000.00 judgment on behalf of Husband regarding the tax refund. Based on the guardian ad litem's testimony, the family court found Husband to be more credible on the issue of the tax refund and awarded him judgment in the amount of $1,500.00 since "[Wife] said she didn't work, and he worked." Wife asserted to the family court that the court misunderstood her testimony because "[Husband] worked nothing at all." The family court stated that it "heard what [Wife] said, but out of fairness to [Husband,] [the court was] going to give him that judgment."

The family court's May 31, 2023, Final Divorce Order, did not award either party spousal support.[3] The order stated that the parties owned no marital property, owed no marital debts, and had no retirements or pensions subject to equitable distribution. The court found that Husband's tax refund was intercepted due to Wife's child support arrearage owed to a third party and awarded Husband a judgment against Wife in the amount of $1,500.00. It is from the family court's May 31, 2023, order that Wife now appeals.

For this matter, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous

---

[2] West Virginia Trial Court Rule 21.03 states that "[a] guardian ad litem shall make a full and independent investigation of the facts involved in the proceeding and make recommendations to the court by *testimony* or in writing, unless otherwise ordered by the court." (emphasis added).

[3] The record reflects that Husband, through his guardian ad litem, moved the family court for an award of spousal support, which was ultimately denied. Wife waived her right to receive spousal support.

standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of a family court order).

On appeal, Wife asserts one assignment of error. She contends that the family court erred by awarding judgment to Husband in the amount of $1,500.00 because Husband presented insufficient evidence for the family court to consider that his tax refund was misappropriated or even existed.

In *Leann H. v. Theophilus C.*, No. 22-ICA-65, 2023 WL 152885, at *3 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision), this Court stated the following:

> [A] family court's jurisdiction is derived from West Virginia Code § 51-2A-2 (2018), and the limit on this authority is evident, based on subsection (e) of that statute, which explicitly states, [a] family court is a court of limited jurisdiction. A family court is a court of record only for the purpose of exercising jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized in this section and in chapter 48 of this code. A family court may not exercise the powers given courts of record in § 51-5-1 of this code or exercise any other powers provided for courts of record in this code unless specifically authorized by the Legislature. A family court judge is not a "judge of any court of record" or a "judge of a court of record" as the terms are defined and used in § 51-9-1 et seq. of this code. *See also* Syl. Pt. 5, in part, *Lindsie D.L. v. Richard W.S.*, 214 W. Va. 750, 591 S.E.2d 308 (2003) ("[t]he jurisdiction of family courts is limited to only those matters specifically authorized by the Legislature[.]").

*Leann H.*, 2023 WL 152885, at *3.

Family courts have jurisdiction for all property distribution proceedings brought under article seven of chapter forty-eight in the code. W. Va. Code § 51-2A-2(a)(15). The basic premise is that a family court "shall divide the *marital property* of the parties equally between the parties." W. Va. Code § 48-7-101 (2001) (emphasis added). The same

principle applies to marital debts. *See Downey v. Kamka*, 189 W.Va. 141, 144, 428 S.E.2d 769, 772 (1993).[4]

Here, as evidenced by its May 31, 2023, Final Divorce Order, the family court made the specific finding that no marital property existed between the parties;[5] yet it then awarded Husband half of the judgment requested by his guardian ad litem. Thus, we find that the family court exceeded its limited statutory jurisdiction by distributing nonmarital property.

The Supreme Court of Appeals of West Virginia has stated that:

> "[i]t is well established that the issue of subject matter jurisdiction can be raised at any time, even *sua sponte* by this Court." *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 345, 801 S.E.2d 216, 223 (2017). "Whether a court has subject matter jurisdiction over an issue is a question of law[.]" *Snider v. Snider*, 209 W. Va. 771, 777, 551 S.E.2d 693, 699 (2001). Because "jurisdictional issues are questions of law, our review is de novo." *Wilson,* 239 W. Va. at 343, 801 S.E.2d at 221 (citing Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)).

*M.H. v. C.H.*, 242 W. Va. 307, 312, 835 S.E.2d 171, 176 (2019). Subject-matter jurisdiction must exist as a matter of law for the court to act; consequently, any decree made by a court lacking subject-matter jurisdiction is void. *A.A. v. S.H.*, 242 W. Va. 523, n.44, 836 S.E.2d 490, n.44 (2019).

---

[4] In syllabus point two of *Stuck v. Stuck*, 218 W.Va. 605, 625 S.E.2d 367 (2005), the Supreme Court of Appeals of West Virginia held:

> Equitable distribution . . . is a three-step process. The first step is to classify the parties' property as marital or nonmarital. The second step is to value the marital assets. The third step is to divide the marital estate between the parties in accordance with the principles contained in [former] W.Va. Code, 48-2-32 [now W.Va. Code § 48-7-103]." Syl. Pt. 1, *Whiting v. Whiting,* 183 W. Va. 451, 396 S.E.2d 413 (1990).

[5] A court speaks through its orders. The Supreme Court of Appeals of West Virginia has long held that it is a paramount principle of jurisprudence that a court speaks only through its orders. *State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 718, 207 S.E.2d 105, 107 (1973).

Accordingly, since we conclude that the family court did not have subject matter jurisdiction to award a monetary judgment concerning nonmarital property, we decline to address Wife's specific assignment of error.

Based on the foregoing, we vacate the Family Court of Kanawha County's May 31, 2023, Final Divorce Order, only as it pertains to the $1,500.00 judgment award.

Vacated.

**ISSUED:** April 24, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Daniel W. Greear
Judge Charles O. Lorensen